SUPREME COURT
STATE OF NEW YORK                                    COUNTY OF CAYUGA

STATE FARM FIRE AND CASUALTY COMPANY        Plaintiff designates
as Subrogee of Victor Bayus (52-D223-913)              Cayuga County as
PO Box 2375                                          Place of Trial
Bloomington, IL 61702-2375

                                                     SUMMONS

                    Plaintiff,                       Index No:
                                                     Filed:
   -vs-

SHOP VAC CORPORATION                                 Basis of Venue:
2323 Reach Road                                      Residence of Plaintiff and
Williamsport, Pennsylvania 17701                     Situs of injury

                    Defendant.

TO THE ABOVE NAMED DEFENDANT:

   YOU ARE HEREBY SUMMONED to Answer the Complaint in this action, and to serve a copy of your Answer within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this Summons is not personally delivered to you in the State of New York; and in case of your failure to appear to Answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

   This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Dated: February 9, 2010

                                           _____
                                           BRIANNE M. CARBONARO, ESQ.
                                           ALI, PAPPAS & COX, P.C.
                                           Attorneys for Plaintiff
                                           614 James Street, Suite 100
                                           Syracuse, New York 13203-2220
                                           Telephone: (315) 472-4481

SUPREME COURT
STATE OF NEW YORK                                COUNTY OF CAYUGA

STATE FARM FIRE AND CASUALTY COMPANY
as Subrogee of Victor Bayus (52-D223-913)
PO Box 2375
Bloomington, IL 61702-2375

                                            COMPLAINT

                    Plaintiff,         Index No: 2010-0144
                                          Filed: 2-10-10

-vs-

SHOP VAC CORPORATION
2323 Reach Road
Williamsport, Pennsylvania 17701

FILED
Feb 10,2010 09:09:40A
Index# 2010-0000014
Receipt # 5904
CAYUGA COUNTY CLERK
Susan M Dwyer

Defendant.

       The Plaintiff, State Farm Fire and Casualty Company, by its attorneys Ali, Pappas and Cox, P.C., as and for a cause of action against the Defendant above-named, alleges and respectfully shows to the Court as follows:

    1.    The Plaintiff was and still is a foreign insurance company organized and existing by virtue of the laws of the State of Illinois, and is duly authorized and licensed to transact insurance business within the State of New York, including Cayuga County, and has an office for the conduct of business located at 112 East Washington Street, Bloomington, Illinois 61701.

    2.    Upon information and belief, and at all times mentioned herein, Defendant Shop Vac Corporation is a foreign business corporation organized and existing by virtue of the laws of the New Jersey, and is duly authorized and licensed to transact business within the State of New York and has an

office for the conduct of business located at 2323 Reach Road, Williamsport, Pennsylvania 17701.

3. Upon information and belief, the Defendant Shop Vac Corporation regularly transact business in the State of New York and sell their products in retail and hardware stores, as well as over the internet, throughout Cayuga County and New York State.

4. At all times mentioned herein, Victor Bayus was and still is a resident of the County of Cayuga and is the owner of the premises, personal property and furnishings contained therein located at 121 Burtis Point Road, Auburn, New York.

5. That at all times hereinafter mentioned the Plaintiff had issued a policy of insurance insuring said premises, personal property and furnishings owned by Victor Bayus.

6. That the fire complained of in this Complaint occurred at 121 Burtis Point Road, Auburn, County of Cayuga, State of New York.

7. That located within the garage owned by Victor Bayus was a Shop Vac wet/dry vacuum cleaner designed, manufactured, inspected, tested and distributed by the Defendant. In connection with said manufacture and distribution of said Shop Vac wet/dry vacuum cleaner the Defendant had warranted that the vacuum cleaner would be fit for its ordinary and particular purposes.

8. In addition, the Defendant owed a duty to Victor Bayus to manufacture the Shop Vac wet/dry vacuum cleaner in a careful manner such that it was not unreasonably dangerous to persons and/or property.

9. Upon information and belief, the subject Shop Vac wet/dry vacuum cleaner was defective, non-conforming, and the Defendant breached its agreement and warranty by providing a Shop Vac wet/dry vacuum cleaner which was not fit for its ordinary and/or particular purpose. The Shop Vac wet/dry vacuum cleaner provided to Victor Bayus was unreasonably dangerous, in that among other things, it contained defective materials and component parts which failed and caused a fire at Mr. Bayus' residence on February 21, 2007.

10. The Defendant was grossly negligent in its design, manufacture, assembly, sale, inspection and testing of the subject Shop Vac wet/dry vacuum cleaner, thereby causing the Shop Vac wet/dry vacuum cleaner to be unreasonably dangerous.

11. Upon information and belief, prior to February 21, 2007, the Defendant knew or should have known that the subject Shop Vac wet/dry vacuum cleaner and/or its component parts were defective and/or unreasonably dangerous and failed to timely warn, recall or retrofit the Shop Vac wet/dry vacuum cleaner and/or its component parts.

12. As a result of the above breaches and negligent acts and/or omissions on the part of the Defendant, the subject Shop Vac wet/dry vacuum cleaner

failed and caused a fire on February 21, 2007 which resulted in damage to the premises and personal property owned by Victor Bayus.

13. Solely as a result of the above-referenced breaches and negligent acts and/or omissions on the part of the Defendant, Victor Bayus sustained damage to his premises and personal property in the sum of $79,853.05.

14. The Defendant has wholly failed to pay said sum.

15. Pursuant to the insurance policy which the Plaintiff issued to Victor Bayus, the Plaintiff paid said sum to its insured and is subrogated to said claim and/or said claim was assigned to Plaintiff.

16. Plaintiff is therefore entitled to proceed against the Defendant for the damages caused by the Defendant's above-referenced breaches of contract, warranty, negligence and/or strict products liability in connection with the above-referenced matter. Thus the Defendant is liable to Plaintiff for the sum of $79,853.05.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT PLAINTIFF ALLEGES THE FOLLOWING:

17. The Plaintiff repeats each allegation previously made and further alleges and shows the following:

18. The Defendant was grossly negligent in the design, construction, manufacture, assembly, sale, marketing, distribution, inspecting and testing of the subject Shop Vac wet/dry vacuum cleaner and/or its component parts which were unreasonably dangerous and defective.

Further, the Defendant failed to provide adequate warnings and/or instructions to the users of its product.

19. The above-mentioned negligent acts and/or omissions thereafter caused a fire on February 21, 2007 which was the proximate cause of the property damages sought herein.

20. Accordingly, the Defendant is liable to Plaintiff for such damages in the amount of $79,853.05.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANT, THE PLAINTIFF ALLEGES THE FOLLOWING:

21. The Plaintiff repeats each allegation previously made and further alleges and shows the following:

22. The Defendant introduced into the stream of commerce a product which was unreasonably dangerous and defective at the time of its delivery and/or at the time it left Defendant's hands, namely, the Shop Vac wet/dry vacuum cleaner and/or its component parts which form the basis of this cause of action.

23. That the Shop Vac wet/dry vacuum cleaner and/or its components were defective and unreasonably dangerous in design, construction, manufacture, assembly, sale, marketing, distribution, inspection and testing of the Shop Vac wet/dry vacuum cleaner and/or its component parts. The Plaintiff failed to properly recall, retrofit or modify said Shop Vac wet/dry vacuum cleaner and/or its components, which were

unreasonably dangerous and defective. Further, Defendant provided inadequate warnings and instructions to users of its products.

24. The above mentioned defects rendered the product unreasonably dangerous and were the proximate and/or producing causes of the damages from the fire described above.

25. Accordingly, Defendant is liable to Plaintiff in the sum of $79,853.05.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE DEFENDANT, THE PLAINTIFF ALLEGES THE FOLLOWING:

26. Plaintiff repeats each allegation previously made and further alleges and shows the following:

27. The Defendant has breached express and implied warranties, including but not limited to breach of implied warranties as to merchantability and fitness for a particular purpose as set out in the Uniform Commercial Code.

28. As a result of said breaches, there was a fire which was the proximate cause of the property damages sought herein.

29. As a result of the foregoing, the Defendant is liable to the Plaintiff in the sum of $79,853.05. Although duly demanded, no part of said sum has been paid.

WHEREFORE, the Plaintiff demands judgment against the Defendant on each Cause of Action in the sum of $79,853.05, plus interest thereon, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: February 9, 2010

_____
BRIANNE M. CARBONARO, ESQ.
Ali, Pappas & Cox, P.C.
614 James Street, Suite 100
Syracuse, New York 13203
(315) 472-4481

STATE OF FLORIDA   )
                   ) SS:
COUNTY OF DUVAL    )

David Mitchell, being duly sworn, deposes and says that Deponent is the Claim Specialist of the State Farm Fire & Casualty Company, the Plaintiff in the within action; that Deponent has read the foregoing Summons and Complaint and knows the contents thereof; that the same is true to Deponent's own knowledge, except as to the matter therein stated to be alleged on information and belief, and that as to those matters Deponent believes it to be true; the basis of Plaintiff's knowledge includes a review of the books and records of the Plaintiff's corporation.

STATE FARM & CASUALTY COMPANY

BY: DAVID MITCHELL, Claim Specialist

Sworn to before me this 3rd day of February, 2010.

Notary Public

LISA N MOULDER
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION #DD 586532
MY COMMISSION EXPIRES AUG. 20, 2010

FILED
Feb 10, 2010 09:09:40A
Index# 2010-0000144
Receipt # 5904
CAYUGA COUNTY CLERK
Susan M Dwyer